## Denson v. Latranyi

*Arthur M. Peters Jr.,* for plaintiffs.
*Michael P. Dennehy,* for defendants.

MYERS, *S.J.,* April 23, 1991—On November 8, 1972, the plaintiffs purchased a tract of land in Cooper Township, Montour County, Pennsylvania, containing some 56 acres, more particularly described in Deed Book 98, page 555. Said conveyance was taken subject to a right-of-way retained by the grantors set forth as follows:

"Also under and subject, nevertheless, the right-of-ingress and egress of the grantors herein of a unimproved field road 20 feet in width to a 17 acre tract of land of the grantors herein which is about to be conveyed to Miklos B. Latranyi and Hildegard Latranyi, his wife."

As stated, the grantors did convey said right-of-way to the defendants herein, who also own other lands adjacent to the plaintiffs' tract.

For a number of years following 1972, the litigants resided on their respective lands amicably as neighbors. The defendants periodically utilized the right-of-way with their farm machinery for access to the

17 acre tract to cultivate and harvest certain crops grown thereon.

At one point the right-of-way in question passes within 10 to 20 feet of the plaintiffs' dwelling, which is a stone structure nearly 200 years old.

As time went on the defendants' use of the right-of-way became an increasing source of irritation to the plaintiffs, which for various reasons ultimately led to considerable discord among the litigants.

The plaintiffs, in an attempt to alleviate the problems, gratuitously constructed an alternate access road which runs well away from their residence and encouraged the defendants to utilize the newly constructed access road instead of the right-of-way in question, claiming the new road is superior to the subject right-of-way in construction and drainage.

The defendants have refused to do so, claiming that the newly constructed road is less desirable and more difficult to traverse than the subject right-of-way and more hazardous to travel with farm machinery and companion vehicles.

As a result, plaintiffs initiated this suit in equity. Hearing thereon was held in which plaintiffs claimed that the defendants' continued use of the right-of-way has created for them extreme hardship. Plaintiffs allege that defendants' heavy farm machinery and wagons, sometimes driven at excessive speeds, have caused considerable damage to the stone foundation of their residence. In addition, because of the right-of-way's close proximity to plaintiff's residence, its use by defendants has severely inhibited their privacy.

The central issue to be resolved in this case is whether or not the owner of the servient tenement (plaintiffs herein) can relocate an easement without

the consent of the owners of the dominant tenement (defendants herein).

As a general rule, the owner of the servient tenement may not relocate or alter an easement without the consent of the owner of the dominant tenement. Annotation, *Relocation of Easements; Right as Between Private Parties,* 80 A.L.R. 2d 743 (1961). In the event that the exact location is not defined in a deed, the location of an expressed right-of-way may be defined by subsequent agreement, use, or acquiescence of the parties. Once the character of the easement is fixed, no material alteration may be made by either the servient tenement or the easement owner absent the other's consent. *Weiss v. Williams,* 57 Luzerne Leg. Reg. 257 (1967). After the location of the easement has been fixed by the consent or acquiescence of both parties, neither party may change the location at their pleasure. *Pennsylvania Water and Power Co. v. Reigart,* 127 Pa. Super. 600, 605, 193 A. 311, 314 (1937).

In the instant case, it is clear that the location of the easement was defined by the use and acquiescence of the parties. The plaintiffs allowed the defendants to utilize the right-of-way for upwards of ten years before voicing any objection. Once the location of the easement became fixed, the plaintiffs had no right to unilaterally alter its location, *Weiss, supra.*

Under the circumstances, we can empathize with the plaintiffs, who exhibited good faith in constructing an alternate road at their sole expense for use by the defendants. At the same time the defendants' rights are understandable and detailed by legal precedent set forth herein.

We would strongly suggest that in the future the defendants make every effort to provide plaintiffs

with advanced notice of their necessary use of the subject right-of-way and exercise that use carefully and at times that reasonably tend to minimize the plaintiffs' inconvenience inherent to that use. And above all, that these litigants revert to being again the good neighbors they once were.

## DECREE NISI

And now, to wit, April 23, 1991, after hearing held, we enter a decree nisi in favor of the defendants and against the plaintiffs. In the event the plaintiffs do not file exceptions to this decree nisi within 20 days from the date of service, the prothonotary shall enter this decree as a final decree.